WILKINS *v.* WOOD.

APPEAL by plaintiff from *Crissman, J.,* February 25, 1963 Civil Session, GUILFORD Superior Court, Greensboro Division.

Civil action to recover damages for personal injury allegedly caused by defendant's actionable negligence. From a judgment of nonsuit entered at the close of the evidence, the plaintiff appealed.

*Robert S. Cahoon for plaintiff appellant.*

*Jordan, Wright, Henson & Nichols, and G. Marlin Evans by G. Marlin Evans for defendant appellee.*

---

MINA WILKINS v. GEORGE T. WOOD, JR.

(Filed 27 November 1963.)

APPEAL by plaintiff from *Crissman, J.,* March 1963 Regular Civil Session of GUILFORD, High Point Division.

Action for personal injuries. This appeal involves only the question of nonsuit. Plaintiff's evidence tends to show the following facts:

Defendant is a practicing physician and surgeon in High Point. On January 6, 1958 plaintiff, then fifty-eight years old, consulted him with reference to a gastrointestinal condition. He decided that a sigmoidoscopic examination was necessary and his nurse, Mrs. Johnson, prepared her for it. Plaintiff used a step to get up on the examining table. While sitting on the edge of the table she removed her undergarment. The nurse removed her shoes and put them under the table; her nylon hose were not removed.

WILKINS *v.* WOOD.

Plaintiff was somewhat embarrassed and nervous as a result of the examination which lasted about ten minutes and caused her "a little inconvenience, discomfort, and irritation." However, she was given no medicine or injections. After the examination plaintiff was told to relax on the table for a few minutes, and she did so. Thereafter, the nurse told her to sit on the side of the table a short time before she attempted to leave it as she would be dizzy. While plaintiff was thus sitting, Mrs. Johnson handed her a cleaning tissue and told her to use it and then deposit it in the waste can on the other side of the room.

Plaintiff remained on the edge of the table until she thought the dizziness has disappeared. Then, standing by the table, she used the tissue and put on the underclothing she had removed. Plaintiff's shoes were under the table but she did not see them. Without asking the nurse for her shoes, she walked four or five steps across the asphalt-tile floor to the waste can in her stocking feet. The lever which raised the top of the can was about an inch from the floor. Plaintiff put her right toes on this lever and, just as the lid came up, her left foot slipped out from under her. She fell to the floor breaking her left hip and two toes on her right foot. The nurse, who had never left the room, came to her immediately. The defendant came back into the room and said to the nurse, "How come you didn't wait on her and how come you didn't put her shoes on her?" Plaintiff told the defendant that she fell because the floor was slick and asked him if it had been waxed. He replied that it "hadn't just been waxed, but had just been buffed."

At the close of plaintiff's evidence defendant's motion for judgment of nonsuit was allowed and plaintiff appealed.

*W. H. Steed and J. W. Clontz for plaintiff appellant.*
*Jordan, Wright, Henson & Nichols and William B. Rector, Jr., for defendant appellee.*

PER CURIAM. Plaintiff alleged that her injuries were proximately caused by defendant's negligence in that: (1) He caused her shoes to be removed from her feet and concealed them so that she could not find them after leaving the table; (2) without providing any assistance, he ordered her to leave the table immediately after the examination when he should have known her equilibrium was impaired; (3) he maintained the floor of his examining room in a dangerously slippery condition; and (4) he wilfully failed and refused to remove from plaintiff's body the lubricants which he had applied.

Plaintiff's evidence fails either to substantiate these allegations or to establish a failure on the part of the defendant to perform any duty

which he owed her arising out of the doctor-patient relationship. The only conclusion to be drawn from this evidence is that plaintiff's fall was one of those unforeseen mishaps which occasionally bechance and baffle the most circumspect.

The judgment of nonsuit is

Affirmed.